IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 1:18-CV-00760-ELR |
| V. | |
| ELI PERETZ, | |
| Defendant. | |

## DEFENDANT'S NOTICE AND MOTION TO SET ASIDE DEFAULT

NOW COMES DEFENDANT ELI PERETZ ("defendant") and moves pursuant to Fed. R. Cov. P. 55(c) and for good cause shown for the delayed answer in this action and Defendant has a meritorious defense to the action and setting aside the default does not prejudice the plaintiff.

### STATEMENT OF FACTS

The Plaintiff filed a lawsuit against this Defendant on February 21, 2018. The Defendant responded by filing a motion to dismiss based on a belief that the statue of limitations had run on the claim, and because the service of process was obtained by serving a house guest of the defendant. During the time between the filing of the Motion to Dismiss and this Court's ruling, Counsel for the Defendant lost contact with the Defendant. When this Court ultimately denied the Motion to dismiss, Counsel for the

Defendant again attempted to contact the Defendant. When he was finally able to reach the Defendant, he learned that the Defendant has been hospitalized multiple times since this case was initiated. See, Affidavit of Peretz attached as Exhibit "A". See also Affidavit of Kevin J. Pratt attached as Exhibit "B". These extenuating circumstances prevented a prompt response to the suit.

Upon information and belief, the Plaintiff has already recovered at least a portion of the claimed owed in this case. The debt at issue in the case was secured by real property that was foreclosed or otherwise auctioned off to recover funds.

In addition, the Default should be set aside so that this case can be heard on its merits and the delay does not harm the Plaintiff.

In support of this Motion, this Defendant submits herewith his brief containing argument and citation of authorities and citations to the relevant portions of the record and pleadings.

WHEREFORE, Defendant prays that his Motion be granted and that the default Judgment be set aside, and that it be allowed to proceed with the defense of this action on the merits.

This 28th day of January 2019.

_____
Kevin J. Pratt
Georgia Bar No. 586690
Attorney for Defendant

3461-D Lawrenceville-Suwanee Rd
Suwanee, GA 30024
770-614-4811

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | :<br>:<br>: |
| Plaintiff, | :  CIVIL ACTION FILE<br>:  NUMBER: 1:18-CV-00760-ELR<br>: |
| V. | :<br>: |
| ELI PERETZ, | :<br>: |
| Defendant. | : |

**BRIEF IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**

Come Now, Defendant ELI PERETZ (herein after Defendant) and file this brief in support of its motion to open default and show the court the following:

**ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 55(c) provides that, and entry of default may be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c); Insituform Tech. Inc v. Amerik Supplies, Inc., 588 F.Supp.2d 1349, 1352 (N.D. Ga. 2008. Federal Courts treat default unfavorable preferring a trial on the merits to resolve disputes. Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F3d 948, 951 (11th Cir. 1996). In determining whether "good cause" exists, courts focus on three factors: (1) whether the default was culpable or willful; (2) whether the setting aside would prejudice the non-defaulting party; and (3) whether the party in default has a

meritorious defense. Ritts v. Dealers Alliance Credit Corp., 989 F.Supp. 1475, 1480 (N.D. Ga. 1997).

In the instant case, the delay in responding to the lawsuit was caused by the hospitalization of the defendant. See affidavit of Defendant attached hereto as Exhibit "A". See also the Affidavit of Kevin Pratt attached hereto as Exhibit "B". The action was brought as a verified suit and the input and verification of the defendant was vital to the crafting of responsive pleadings. Further, the setting aside of the default cannot prejudice the Plaintiff in having to resolve this matter on its merits. And third, the defendant has submitted a meritorious defense in a verification to the answer that indicates the amount claimed by the Plaintiff in their verified complaint is incorrect. See proposed responsive pleadings and verification attached hereto as Exhibit "C".

For the foregoing reasons, the Defendant's motion to set aside the Default should be granted and allow this case to proceed on its merits.

This 28th day of January 2019

_____
Kevin J. Pratt
Georgia Bar No. 586690
Attorney for Defendant

3461-D Lawrenceville-Suwanee Rd
Suwanee, GA 30024
770-614-4811

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 1:18-CV-00760-ELR |
| V. | |
| ELI PERETZ, | |
| Defendant. | |

## AFFIDAVIT OF ELI PERETZ

STATE OF GEORGIA

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Eli Peretz, who after first being duly sworn, states:

My name is Eli Peretz, and I am competent in all respects to testify regarding the matters set forth herein.

I am familiar with the facts of this case.

The loan in question was secured by real estate.

It is my information and belief that the property was sold at auction, and the Plaintiff BB&T obtained or should have obtained proceeds from the sale that reduces or eliminates the claimed debt.

In the last few months I have been hospitalized twice for a serious lung condition.

Because of my illness I was unable to breath without assistance and unable to even communicate with my attorney.

I do not owe the Plaintiff the amount sought in the lawsuit.



DEFENDANT'S EXHIBIT A

This is not presented for delay but only to allow the case to be heard on its merits and the correct amount of the debt, if any, be determined.

AFFIANT

_____
ELI PERETZ

Sworn to and subscribed before me,
this 28 day of January 2019.

_____
Notary Public, State of Georgia
My Commission Expires: January 22, 2019

[Notary Seal: ROBERT SMITH, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES JANUARY 22, 2023]

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 1:18-CV-00760-ELR |
| V. | |
| ELI PERETZ, | |
| Defendant. | |

## AFFIDAVIT OF KEVIN PRATT

STATE OF GEORGIA

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Kevin Pratt who after first being duly sworn, states:

My name is Kevin Pratt, and I am competent in all respects to testify regarding the matters set forth herein.

I am familiar with the facts of this case.

I did not receive the notice denying the Defendant Motion to Dismiss until a copy was sent to me by the opposing counsel. I reached out to my client to get his to assistance with crafting a verified answer to this lawsuit. I was unable to reach him. My office contacted a person we believed to be in contact with him and was informed that he was in the hospital and not doing very well. They had no further details. We asked that he contact us immediately. We did not get a response until Friday January 25th, 2018. On this day he came into my office in obvious distress and ill health. We discussed the


DEFENDANT'S EXHIBIT B

case and the need to respond. We obtained the affidavit and verification attached to this Motion to set aside Default.

This is not presented for delay but as a showing of good cause to allow the case to proceed on its merits.

AFFIANT

_____
KEVIN PRATT

Sworn to and subscribed before me,
this 28 day of January 2019.

Robert Smith
_____
Notary Public, State of Georgia
My Commission Expires: January 22, 2023

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 1:18-CV-00760-ELR |
| V. | |
| ELI PERETZ, | |
| Defendant. | |

**VERIFIED ANSWER**

COMES NOW, ELI PERETZ (herein "Defendant") and for his answer to Plaintiff's complaint shows the Court as follows:

**FIRST DEFENSE**

Defendant pleads statute of limitations as a defense.

**SECOND DEFENSE**

Defendant pleads improper service of summons and complaint as a defense.

**THIRD DEFENSE**

Defendant pleads insufficient service of process as a defense.

COMES NOW, the Defendant, and answers the specific allegations alleged in the Plaintiff's complaint as follows:

1.

Defendant believed paragraph 1 to be true.

2.

Paragraph 2 of Plaintiff's complaint is Admitted

3.

Paragraph 3 of Plaintiff's complaint is Admitted



DEFENDANT'S EXHIBIT C

4.

Paragraph 4 of Plaintiff's complaint is Admitted

5.

Paragraph 5 of Plaintiff's complaint is Admitted

6.

Paragraph 6 of Plaintiff's complaint is Admitted

7.

Paragraph 7 of Plaintiff's complaint is Admitted

8.

Defendant is without sufficient information or belief from which to admit or deny this paragraph. Liability in the amount claimed is denied.

9.

Paragraph 9 of Plaintiff's complaint is Denied

10.

This Paragraph 10 references a document that speaks for itself. To the extent it is a claim of liability against this defendant it is denied.

11.

Paragraph 11 of Plaintiff's complaint is Denied as stated

12.

Paragraph 12 of Plaintiff's complaint is Admitted

13.

This Paragraph 13 references a document that speaks for itself. To the extent it is a claim of liability against this defendant it is denied.

14.

This Paragraph 14 references a document that speaks for itself. To the extent it is a claim of liability against this defendant it is denied.

15.

Paragraph 15 of Plaintiff's complaint is Admitted

16.

Paragraph 16 of Plaintiff's complaint is Admitted

17.

Paragraph 17 of Plaintiff's complaint is Admitted

18.

Paragraph 18 of Plaintiff's complaint is Admitted

19.

Paragraph 19 of Plaintiff's complaint is Admitted

20.

Paragraph 20 of Plaintiff's complaint is Denied as stated

All other paragraphs, allegations and averments in Plaintiff's complaint not admitted are hereby denied.

WHEREFORE, Defendant prays that this Court grant the following relief:

(a)   Enter a judgment in favor of Defendant and against Plaintiff on Plaintiff's claims.

(b)   Enter a judgment in favor of Defendant and against Plaintiff for such other and further relief as this Court deems just and proper.

Respectfully submitted this 28th day of January 2019.

_____
Kevin J. Pratt
Georgia Bar No. 586690
Attorney for Defendant

3461-D Lawrenceville-Suwanee Rd
Suwanee, GA 30024
770-614-4811
KPratt@GeorgiaTrials.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | : <br> : <br> :    CIVIL ACTION FILE <br> Plaintiff,          :    NUMBER: 1:18-CV-00760-ELR <br> : <br> V.                           : <br> : <br> ELI PERETZ,              : <br> : <br> Defendant.        : |

## **VERIFICATION**

STATE OF GEORGIA

Personally appeared before the undersigned attesting officer, authorized by law to administer oaths in the State of Georgia, ELI PERETZ who, being duly sworn, deposes and says on oath that the facts set forth in the foregoing Answer are true and correct to the best of his knowledge, information and belief.

_____
ELI PERETZ

Sworn to and subscribed before me,
this 28th day of January, 2019.

_____
Notary Public

[Notary Seal: ROBERT SMITH, NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA, MY COMMISSION EXPIRES JANUARY 22, 2023]

5

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: 1:18-CV-00760-ELR |
| V. | |
| ELI PERETZ, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the Plaintiff in the foregoing matter with a copy of the foregoing documents by depositing in the United States Mail a copy of same in a properly addressed envelope with sufficient postage thereon to insure delivery as follows:

Brendan H. Parnell
Colleen Q. Johnston
300 Century Springs West
6000 Lake Forrest Drive, NW
Atlanta, Georgia 30328

This 28th day of January 2019.

_____
Kevin J. Pratt
Georgia Bar No. 586690
Attorney for Defendant

3461-D Lawrenceville-Suwanee Rd
Suwanee, GA 30024
770-614-4811